The action stood continued nisi for advisement, and the opinion of the Court was delivered at the succeeding March term in Suffolk by
Parsons, C. J.
Has Whitney, by his answer to the plaintiff’s interrogatory, discharged himself? is the question submitted to the Court.
This answer admits that he formerly owed Cobb about fifteen dollars, on account for merchandise purchased ; that when he was sued, he had no knowledge that. Cobb had assigned this debt, but that he has since been informed by the attorney of Higginson and others, that, before the suit, this debt had been assigned to them, and was forbidden to pay it to Cobb, but was requested to pay it t.o the assignees. A copy of the assignment, under the seal of Cobb, the trustee annexes, and makes it a part of his answer.
The plaintiff insists that this debt is not protected from his attachment by the assignment, for several reasons. One is, the nature of the debt, resting, for its evidence, on an account [*511] * book, and on a note or bond, is such that it is incapable of assignment. Another reason is, that he made the at *447 tachment before the trustee had notice, and, also, that the trustee, not being privy to the assignment, it may without his knowledge be fraudulent as to the creditors of the assignor.
After full consideration, we are satisfied that Whitney has discharged himself by his answer. The debt is a chose in action, and, like other choses in action, except negotiable securities, is not assignable at law; but all choses in action may be assigned in equity, and the assignee has an equitable right, which he may enforce at law in the name of the assignor, whose release or bankruptcy shall not defeat it.
In the case of Winch vs. Keeley, (1 Term Rep. 619,) the debtor had assigned, as in this case, a debt due for goods sold, and he after-wards becoming bankrupt, it was determined that the assignment should protect the debt against the assignees under the commission of bankruptcy. If the debtor has paid the debt to the assignor without notice of the assignment, he shall be discharged; for he shall not suffer by the neglect of the assignee.
The doctrine which establishes the assignability in equity of choses in action, arises from the public utility of increasing the quantity of transferable property, in aid of commerce and of private credit.
The assignment in this case may be fraudulent, but on its face it appears to be regular, and for a valuable consideration; and we cannot presume fraud.
When an attaching creditor has reason to believe the assignmen fraudulent, of which he has knowledge before the suit, he may sue the assignee as a trustee, and compel him to a discovery on oath; or, if he has not notice seasonably to sue the assignee as a trustee, he may, after he has recovered judgment against the principal, sue an action of debt on that judgment, and summon the assignee as a trustee in that action, and compel him to a discovery on oath upon the penalty of paying the debt; and if, on this discovery, the assignment should be fraudulent, the assignee would be adjudged a trustee so far as he had derived any benefit from it. And *it is much better to leave the attaching creditor [*512] to this remedy, than to presume an assignment fraudulent, or to defeat the assignability of choses in action.
Although the trustee in this case had no notice of the assignment until after he was sued as a trustee, yet, immediately on the assignment, the equitable interest in the debt, as between the parties to it; immediately passed to the assignee. And if the assignor had afterwards received the debt, he would be obliged to pay it over to the assignee. But an attaching creditor cannot stand on a better footing than his debtor, (if the assignment be not fraudulent *448 as to creditors,) and if he attaches any property of his debtor, it must be attached subject to all lawfully existing liens created by his debtor. And, consequently, if his debtor have no equitable interest in a chose in action, the creditor cannot acquire any by his attachment.
Therefore, the want of notice in the trustee will not defeat the assignee’s interest in this debt in favor of an attaching creditor. This point was decided in Suffolk, about eight years ago, in the case of Wakefield vs. Martin and Trustees. (2)
Judgment that Whitney be discharged as trustee.

 Ante, vol. iii 558.